UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON BANKS,

                Plaintiff,

-against-

ORANGE COUNTY CORRECTIONAL FACILITY, SUPERINTENDENT; ORANGE COUNTY CORRETIONAL OFFICER, MR. WRISTH #489; NEW YORK STATE TROOPER DEPARTMENT/TROOP F ZONE 1; NEW YORK STATE TROOPER, JOHN DOE # NA; NEW YORK STATE TROOPER, JOHN DOE # NA,

                Defendants.

19-CV-2767 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Groveland Correctional Facility, brings this action *pro se*.[1] Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new civil action IFP while he is a prisoner. *See Banks v. City of New York*, No. 15-CV-5261 (VEC) (AJP) (S.D.N.Y. Nov. 12, 2015). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new civil action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that

---

[1] Plaintiff previously submitted a duplicate complaint in *Banks v. Orange Cnty. Corr. Fac.*, No. 19-CV-2580 (CM) (S.D.N.Y. Mar. 27, 2019) (dismissed under 28 U.S.C. § 1915(g)).

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a

on January 3, 2019, he was strip searched at the New York State Trooper barracks and at the Orange County Jail. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the Court dismisses this action without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[3] *Id.*

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new civil action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 29, 2019
           New York, New York

                                                  COLLEEN McMAHON
                                                  Chief United States District Judge